1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                        EASTERN DISTRICT OF CALIFORNIA

10

DESHA CARTER,                        /    1:06-cv-00251-OWW-DLB (PC)
11                                   /
                    Plaintiff,       /    ORDER STRIKING PLAINTIFF'S SURREPLY
12                                   /
        v.                           /    FINDINGS AND RECOMMENDATIONS
13                                   /    RECOMMENDING DEFENDANT'S MOTION
M. ROJAS,                            /    TO DISMISS FOR FAILURE TO EXHAUST
14                                   /    BE GRANTED
                    Defendant.       /
15                                   /    (Doc. 18)
                                     /
16                                   /    OBJECTION DUE WITHIN 30 DAYS

17

18  **I.      Findings and Recommendations Addressing Defendant's Motion to Dismiss**

19          **A.      Procedural History**

20          Desha Carter ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in

21  this civil rights action pursuant to 42 U.S.C. § 1983.  This is proceeding on Plaintiff's amended

22  complaint, filed May 14, 2007, against defendant Rojas ("Defendant") for interfering with

23  Plaintiff's mail in retaliation for Plaintiff's filing of grievances, in violation of Plaintiff's First

24  Amendment rights.  On May 23, 2008, pursuant to the unenumerated portion of Federal Rule of

25  Civil Procedure 12(b), defendant Rojas filed a motion to dismiss based on Plaintiff's failure to

26  exhaust the available administrative remedies in compliance with 42 U.S.C. § 1997e(a).  (Doc.

27

28                                          1

1   18.)  Plaintiff filed an opposition on June 24, 2008[1], defendant filed a reply on June 27, 2008, and

2   Plaintiff filed a sur-reply on July 11, 2008.  (Docs. 21, 22, and 23.)

3          Sur-replies are not generally allowed under the Local Rules of this Court.  See Local Rule

4   78-230(m).  The Court neither request nor granted permission for Plaintiff to file a sur-reply.

5   Plaintiff's sur-reply will thus be stricken.[2]

6          **B.     Legal Standard**

7          Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with

8   respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner

9   confined in any jail, prison, or other correctional facility until such administrative remedies as are

10  available are exhausted."  42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the available

11  administrative remedies prior to filing suit.  Jones v. Bock, 127 S. Ct. 910, 918-19 (2007);

12  McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  Exhaustion is required

13  regardless of the relief sought by the prisoner and regardless of the relief offered by the process,

14  Booth v. Chruner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all

15  prisoner suits relating to prison life, Porter v. Nussle, 534 U.S. 516, 532 (2002).

16         Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative

17  defense under which defendants have the burden of raising and proving the absence of

18  exhaustion.  Jones, 127 S. Ct. at 921; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).

19  The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to

20  an unenumerated Rule 12(b) motion, rather than a summary judgment motion.  Wyatt, 315 F.3d

21  at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th

22  Cir. 1988) (per curiam)).  In deciding a motion to dismiss for failure to exhaust administrative

23  remedies, the court may look beyond the pleadings and decide disputed issues of fact.  Wyatt,

24  315 F.3d at 1119-20.  If the court concludes that the prisoner has failed to exhaust administrative

25

26         [1] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion
    on March 7, 2008.  Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).  (Doc. 17.)

27         [2] Out of an abundance of caution, the Court has reviewed Plaintiff's surreply and finds that the arguments
    raised therein would not change the outcome of the Court's Findings and Recommendations.  The Court will address
28  the surreply below.

1   remedies, the proper remedy is dismissal without prejudice.  Id.

2       **C.**   **Discussion**

3         The California Department of Corrections has an administrative grievance system for

4   prisoner complaints.  Cal. Code Regs., tit. 15 § 3084.1 (2007).  The process is initiated by

5   submitting a CDC Form 602.  Id. at § 3084.2(a).  Four levels of appeal are involved, including

6   the informal level, first formal level, second formal level, and third formal level, also known as

7   the "Director's Level."  Id. at § 3084.5.  Appeals must be submitted within fifteen working days

8   of the event being appealed, and the process is initiated by submission of the appeal to the

9   informal level, or in some circumstances, the first formal level.  Id. at §§ 3084.5, 3084.6(c).  In

10  order to satisfy section 1997e(a), California state prisoners are required to use this process to

11  exhaust their claims prior to filing suit.  Woodford v. Ngo, 126 S. Ct. 2378, 2383 (2006);

12  McKinney, 311 F.3d at 1199-1201.

13        In his motion, defendant Rojas argues that he is entitled to dismissal of this action

14  because none of Plaintiff's grievances concerning Rojas were completed through the director's

15  level before the filing of this lawsuit.  In support of the motion, Defendant submits evidence that

16  Plaintiff filed four inmate grievances specifically concerning Rojas (Nos. 04-02737, 04-02743,

17  04-03083, and 04-04033) and one other concerning a delay in mail service by staff (No. 06-

18  00512).  (Doc. 18, Decl. of J. Jones, ¶¶ 3, 7-10, 12-13, 17-18, and 26-27.)  The Court shall

19  examine all five grievances.

20        Defendant Rojas contends that:

21          1) Grievance 04-02737 was denied at the first level, Plaintiff did not appeal to the

22  second or Director's level, and the grievance does not involve the conduct alleged by Plaintiff in

23  the complaint;

24          2) Grievance 04-02743 was granted in part at the first level, canceled at the

25  second level because of Plaintiff's lack of cooperation, and the grievance does not involve the

26  conduct alleged by Plaintiff in the complaint;

27          3) Grievance 04-03083 was partially granted at the first and second level, and

28

1  screened out at the Director's level as untimely;

2        4) Grievance 04-04033 was partially granted at the first level and Plaintiff did not

3  appeal this grievance further; and

4        5) Grievance 06-00512 concerns an unrelated matter and was not appealed to the

5  Director's level until after the filing of this lawsuit.  (Doc. 18, pp. 4-5.)

6                    **1.     Grievance Log 04-02737**

7        Grievance 04-02737 concerns alleged misconduct by Rojas, including calling Plaintiff a

8  snitch, having a television in the staff office, and throwing away food.  (Doc. 18, Decl. J. Jones, ¶

9  7.)  Defendant contends that Plaintiff did not appeal this grievance past the first level of review.

10 (See Doc. 18, Decl. J. Jones, Ex. B.)  In his opposition to defendant Rojas's motion, Plaintiff

11 does not address this grievance.

12       The Court finds that Grievance 04-02737 concerns defendant Rojas but does not address

13 any retaliation or mail interference by Rojas.  This grievance does not involve the conduct

14 alleged in Plaintiff's amended complaint and was not properly exhausted.  Accordingly, the

15 Court finds that defendant Rojas has met his burden as the party moving for dismissal with

16 regards to this grievance.

17                   **2.     Grievance Log 04-02743**

18       Grievance 04-02743 concerns alleged misconduct by Rojas, including calling Plaintiff a

19 snitch and refusing to give a meal to Plaintiff.  (Doc. 18, Decl. J. Jones, ¶ 9.)  Defendant contends

20 that the grievance was denied at the second level for Plaintiff's failure to cooperate.  (Id. at ¶ 11.)

21 Defendant argues that Plaintiff had refused to submit a Rights and Responsibilities form along

22 with his grievance.  (Doc. 18, Decl. J. Jones, Ex. C.)

23       Plaintiff in his opposition argues that staff did not provide him with the Rights and

24 Responsibilities form.  He alleges that the prison staff never informed Plaintiff of this

25 requirement in order to impede Plaintiff's ability to exhaust his complaint.  (Doc. 21, p. 2.)

26       In his reply to Plaintiff's opposition, defendant Rojas argues that because the grievance

27 does not concern incoming or outgoing mail, it cannot reasonably be interpreted as exhausting

28

4

1  the grievances for this complaint.  Further, Plaintiff did not properly exhaust because it was

2  canceled for Plaintiff's failure to cooperate.  (Doc. 22, p. 2.)

3       Assuming *arguendo* that Plaintiff's allegation is true, the Court finds that Grievance 04-

4  02743 does not concern any retaliation or mail interference by Rojas.  Accordingly, the Court

5  finds that defendant Rojas has met his burden as the party moving for dismissal regarding this

6  grievance.   Grievance 04-02743 is unrelated to the alleged conduct giving rise to this action.

7              **3.      Grievance Log 04-03083**

8       Grievance 04-03083 concerns Rojas's alleged obstruction of Plaintiff's outgoing mail and

9  return of mail that should have been sent out.  (Doc. 18, Decl. J. Jones, ¶¶ 3, 12.)  Defendant

10  contends that Plaintiff's grievance was partially granted as to a fact-finding inquiry.  However,

11  Plaintiff's allegations regarding Rojas were unfounded.  Plaintiff's request for a detailed

12  description of Rojas's conduct was also denied.  On August 9, 2005, Plaintiff appealed to the

13  second level, and received the same partial grant of his appeal. (Doc. 18, Decl. J. Jones, Ex. C.)

14  Plaintiff filed an appeal to the Director's level on September 25, 2005.  This appeal was screened

15  out as untimely.  (See Doc. 18, Decl. Grannis, p. 3.)

16       Defendant has met his burden as the party moving for dismissal.  The burden thus shifts

17  to Plaintiff to set forth evidence demonstrating that he exhausted the available administrative

18  remedies regarding this grievance.

19       Plaintiff does not challenge that his appeal to the Director's level was untimely.  Rather,

20  Plaintiff argues in his opposition that he did not need to appeal to the Director's level because he

21  had already received a "favorable result" and thus there was no point to submit a further

22  grievance.  (Doc. 21, pp. 2-3.)  Plaintiff states that the prison had "correct[ed] what it had done

23  wrong" at the first and second level, so further appeals would be senseless.  (Id.)

24       In his reply to Plaintiff's opposition, defendant Rojas contends that Plaintiff still had

25  more to gain from further review.  Defendant contends that Plaintiff had not received the

26  requested detailed description of Rojas's staff conduct.  (Doc. 22, p. 3.)  Defendant further

27  contends that the Director's level could also provide further remedies, "such as an apology,

28

1  further officer training, [or] the changing of rules or regulations." (Id.)

2      Appeal to the Director's level is not necessary if administrative remedies are no longer

3  available. See Brown v. Valoff, 422 F.3d 926, 935-36 (9th Cir. 2005) ("[A] prisoner need not

4  press on to exhaust further levels of review once he has either received all 'available' remedies at

5  an intermediate level or has been reliably informed by an administrator that no remedies are

6  available."). Here, Plaintiff still had administrative remedies available. Plaintiff had the

7  possibility of receiving the detailed description of Rojas's conduct. Plaintiff may also have

8  received an apology or a change in rules and regulations. Plaintiff thus could have received a

9  potential remedy at the Director's level. Plaintiff's argument that he did not need to proceed any

10  further because the appeal was partially granted at the first and second level is without merit. By

11  necessity, an appeal that is only partially granted is also partially denied. Further, Plaintiff did

12  pursue his appeal to two levels of review, thereby belying any argument that there was no further

13  relief available and he was satisfied by the process. Plaintiff was required to pursue his appeal to

14  the final level of review before filing suit in this Court, but failed to do so.

15      "[P]roper exhaustion of administrative remedies is necessary" and the exhaustion

16  requirement may not be satisfied "by filing an untimely or otherwise procedurally defective . . .

17  appeal." Woodford v. Ngo, 126 S.Ct. 2378, 2382 (2006). "Proper exhaustion demands

18  compliance with an agency's deadlines and other critical procedural rules . . . ." Id. at 2386.

19  Plaintiff's appeal to the Director's level was untimely, and accordingly, the Court finds that

20  Plaintiff did not properly exhaust Grievance 04-03083.

21      Even if the Court had permitted leave for Plaintiff to file a sur-reply, Plaintiff's

22  contentions raised therein fail to demonstrate that he has properly exhausted. Plaintiff in his sur-

23  reply alleges that Grievance 04-03083 had become too heavy for the prison to send to the

24  Director's level. (Doc. 23, p. 2.) Plaintiff contends that the prison will typically not send out

25  mail weighing over one ounce unless the prisoner has sufficient funds in his account. (Id.) The

26  Court is not persuaded by this argument.

27      Although the Ninth Circuit has not yet decided the issue, Ngo v. Woodford, 539 F.3d

28

1108, 1110 (9th Cir. 2008) (it is unclear if any exceptions to exhaustion apply), other Circuit

Courts have addressed the issue and held that exhaustion occurs when prison officials prevent

exhaustion from occurring through misconduct or fail to respond to a grievance within the policy

time limits.  See, e.g., Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008) ("[A]n

administrative remedy is not considered to have been available if a prisoner, through no fault of

his own, was prevented from availing himself of it."); Aquilar-Avellaveda v. Terrell, 478 F.3d

1223, 1225 (10th Cir. 2007) (Courts are "obligated to ensure any defects in exhaustion were not

procured from the action of inaction of prison officials."); Kaba v. Stepp, 458 F.3d 678, 684 (7th

Cir. 2006) ("Prison officials may not take unfair advantage of the exhaustion requirement, [] and

a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance

or otherwise use affirmative misconduct to prevent a prisoner from exhausting." (quoting Dole v.

Chandler, 438 F.3d 804, 809 (7th Cir. 2006))); Boyd v. Corrections Corp. of America, 380 F.3d

989, 996 (6th Cir. 2004) (administrative remedies are exhausted when prison officials fail to

timely respond to properly filed grievance); Abney v. McGinnis, 380 F.3d 663, 667 (2d Cir.

2004) (inability to utilize inmate appeals process due to prison officials' conduct or the failure of

prison officials to timely advance appeal may justify failure to exhaust).

     Plaintiff does not allege that Defendant or other prison officials engaged in misconduct

that prevented Plaintiff from filing his grievance.  Even if the prison staff would not mail

Plaintiff's complaint for lack of postage, such a requirement does not rise to the level of

misconduct that would be an exception to proper exhaustion for administrative remedies.

     Plaintiff also contends in his sur-reply that the prison institution obstructs a prisoner's

attempt to properly exhaust remedies.  Plaintiff cites to a grievance in a matter against another

correctional officer.  Plaintiff had appealed placement in management status and having to

double cell.  (Doc. 23, p. 5.)  Plaintiff received a partial grant, in that Plaintiff's personal case

history would be taken into consideration.  However, Plaintiff was still required to double cell.

(Id.)  Plaintiff appealed to the second level in order to exhaust remedies, but was screened out for

failing to adequately state why Plaintiff was appealing.  (Id. pp. 2-3.)  The Court also finds this

1  argument unpersuasive because it concerns conduct unrelated to the allegations in Plaintiff's
2  complaint here.

3  **4.   Grievance Log 04-04033**

4  Grievance 04-04033 concerns allegations that Rojas obstructed Plaintiff's outgoing mail.
5  Defendant contends that the grievance was granted in part at the first level.  Defendant contends
6  that Plaintiff did not appeal this grievance further.  (Doc. 18, Decl. J. Jones, ¶¶ 3, 17.)  Defendant
7  has met his burden as the moving party for dismissal.  The burden thus shifts to Plaintiff to set
8  forth evidence demonstrating that he exhausted the available administrative remedies regarding
9  this grievance.

10  Plaintiff in his opposition does not present any evidence to the contrary.  Accordingly, the
11  Court finds that Plaintiff has failed to properly exhaust Grievance 04-04033.

12  **5.   Grievance Log 06-00512**

13  Grievance 06-00512 concerns allegations that the mail staff delayed delivery of mail to
14  Plaintiff.  (Doc. 18, Decl. J. Jones, ¶¶ 3, 26.)  Defendant states that Plaintiff's appeal was denied
15  at the third level, but Defendant contends that this grievance does not concern any alleged
16  conduct by him. (Doc. 18, Decl. J. Jones, ¶ 3.)  Plaintiff in his opposition does not argue to the
17  contrary.  Accordingly, the Court finds that Grievance 06-00512 is unrelated to the alleged
18  conduct giving rise to this complaint.  Defendant Rojas has met his burden as the party moving
19  for dismissal regarding this grievance.

20  **II.   <u>Conclusion</u>**

21  Accordingly, the Court HEREBY ORDERS that Plaintiff's Sur-Reply is stricken.

22  Further, the Court HEREBY RECOMMENDS that Defendant's Motion to Dismiss, filed
23  May 23, 2008, be GRANTED and this action to be dismissed, without prejudice.

24  These Findings and Recommendations will be submitted to the United States District
25  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within
26  **thirty (30) days** after being served with these Findings and Recommendations, the parties may
27  file written objections with the Court.  The document should be captioned "Objections to

28

1  Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file

2  objections within the specified time may waive the right to appeal the District Court's order.

3  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

4      IT IS SO ORDERED.

5      **Dated:   February 4, 2009**              _____/s/ **Dennis L. Beck**_____
                                                    UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28